# ELECTRIC COMPANY *v.* DOW.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW HAMP-
SHIRE.

No. 258. Submitted April 1, 1897. — Decided April 19, 1897.

The statute of New Hampshire providing for proceedings against mill-
owners to recover damages resulting from overflows of land caused by
dams erected by them, contained, among other things, a provision that "if
either party shall so elect, said court shall direct an issue to the jury to
try the facts alleged in the said petition and assess the damages; and
judgment rendered on the verdict of such jury, with fifty per cent added,
shall be final, and said court may award costs to either party at its dis-
cretion." In this case both parties elected trial by jury, which resulted
in a verdict for damages for the defendant in error. *Held*, that the
plaintiff in error, by availing itself of the power conferred by the stat-
ute, and joining in the trial for the assessment of damages, was pre-
cluded from denying the validity of that provision which prescribes that
fifty per cent shall be added to the amount of the verdict, as the plaintiff
in error was at liberty to exercise the privilege or not, as it thought fit.

THIS was a writ of error to reverse a judgment of the Su-
preme Court of New Hampshire against the Electric Company,
a corporation of the State of New Hampshire, the plaintiff in
error, upon a petition filed by Samuel I. Dow for the assess-
ment of damages occasioned to his land by an overflow caused
by a dam erected by the defendant company in the Piscata-
quog River. The defendant company also filed a petition
praying for an inquisition into the question of damages. The
proceedings were had under the general mill act of that State,
approved July 3, 1868. Both parties elected trial by jury,
which resulted in a verdict for Dow in the sum of $1500. The
plaintiff moved that fifty per cent be added to the amount of
the verdict in pursuance of a provision of the statute which is
as follows:

"If either party shall so elect, said court shall direct an issue
to the jury to try the facts alleged in the said petition and
assess the damages; and judgment rendered on the verdict of
such jury, with fifty per cent added, shall be final, and said
court may award costs to either party at its discretion."

The defendant objected to this motion on the ground that said provision of the statute, requiring the court to add fifty per cent to the damages assessed by the jury, was in violation of the Constitution of the United States. The question thus raised was reserved by the trial judge and certified to the law term of the Supreme Court of the State, which overruled the defendant's contention, and judgment was accordingly entered in the Supreme Court for the amount of the verdict, with fifty per cent added and costs, to review which this writ of error was sued out.

*Mr. H. E. Loveren* and *Mr. David Cross* for plaintiff in error.

*Mr. Henry M. Baker* for defendant in error.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

We agree with the Supreme Court of New Hampshire in thinking that the plaintiff in error, by availing itself of the power conferred by the statute, and joining in a trial for the assessment of the damages, is precluded from denying the validity of that provision which prescribes that fifty per cent shall be added to the amount of the verdict. The act confers a privilege, which the plaintiff in error was at liberty to exercise or not as it thought fit.

*Clay* v. *Smith*, 3 Pet. 411, was a case where the plaintiff below, a citizen of the State of Kentucky, instituted a suit against the defendant, a citizen of the State of Louisiana, for the recovery of a debt incurred in 1808, and the defendant pleaded his discharge by the bankrupt law of Louisiana in 1811, under which, according to the provisions of the law, "as well his person as his future effects," were forever discharged from all the claims of his creditors. Under this law, the plaintiff, whose debt was specified in the list of the defendant's creditors, received a dividend of ten per cent on his debt, declared by the assignees of the defendant. It was held

by this court that the plaintiff, by voluntarily making himself a party to those proceedings, abandoned his extraterritorial immunity from the operation of the bankrupt law of Louisiana, and was bound by that law to the same extent to which the citizens of Louisiana were bound.

In *Beaupré* v. *Noyes*, 138 U. S. 397, a similar question was presented. There it was contended on behalf of creditors, the plaintiffs in error, that an alleged assignment was conclusively fraudulent as to them for want of an immediate delivery, followed by an actual and continued change of possession of the goods assigned; that their right so to treat the assignment, although such right was specially set up and claimed, was denied; and that consequently they were denied a right arising under an authority exercised under the United States. But this court said:

"Whether the state court so interpreted the territorial statute as to deny such right to the plaintiffs in error we need not inquire, for it proceeded, in part, upon another and distinct ground not involving any Federal question, and sufficient in itself to maintain the judgment without reference to that question. That ground is, that there was evidence tending to show that the defendants, [plaintiffs in error,] acquiesced in and assented to all that was done, and waived any irregularity in the mode in which the assignee conducted the business; and that the question whether the defendants so acquiesced and assented with knowledge of all the facts, and thereby waived their right to treat the assignment as fraudulent, was properly submitted to the jury. The state court evidently intended to hold that, even if the assignment was originally fraudulent as against the creditors, . . . it was competent for the plaintiffs in error to waive the fraud and treat the assignment as valid for all the purposes specified in it. That view does not involve a Federal question. Whether sound or not, we do not inquire. It is broad enough in itself to support the final judgment without reference to the Federal question."

In July, 1887, William J. Eustis brought an action in the Supreme Judicial Court of Massachusetts against Bolles and

Wilde, wherein he sought to recover the balance on a note remaining unpaid after the receipt of one half received under insolvency proceedings under a state act passed after the creation of the debt. The defendants pleaded the proceedings in insolvency, their offer of composition, its acceptance by the majority in number and value of their creditors, their discharge, and the acceptance by Eustis of the amount coming to him under the offer of composition. To this answer the plaintiff demurred. The trial court, which overruled the demurrer, made a finding of facts, and reported the case for the determination of the full court.

The Supreme Judicial Court was of opinion that Eustis, by accepting the benefit of the composition, had waived any right that he might otherwise have had to object to the validity of the composition statute as impairing the obligation of a contract made before its enactment. 146 Mass. 413.

The case was brought to this court, where it was argued, on behalf of the plaintiff in error, that a composition act was, as to debts existing prior to its passage, void and in contravention of the Constitution of the United States, and that a creditor, where demand is saved from the operation of a state statute or of a state decree by the Constitution of the United States, does not waive the benefit of this constitutional immunity by accepting the part of his demand which the state statute or decree says shall constitute full satisfaction.

This court held that the Supreme Judicial Court of Massachusetts, in holding that, when the composition was confirmed, Eustis was put to his election whether he would avail himself of the composition offer or would reject it and rely upon his right to enforce his debt against his debtors, notwithstanding their discharge, did not decide a Federal question, and that hence the question as to the constitutionality of the State statute did not arise. *Eustis* v. *Bolles*, 150 U. S. 361.

The plaintiff in error accepted the powers and rights conferred by the act of 1868, and joined in the proceedings for the assessment of damages. It must, therefore, be deemed to have agreed that the damages should be assessed in the manner provided for in the act. At all events, the Supreme

Court of the State has so decided, and as its judgment was not based on any Federal question we have no jurisdiction to review it, and the writ of error is accordingly

*Dismissed.*