O'NEIL *v.* NORTHERN COLORADO IRRIGATION COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 68.   Argued November 6, 1916.—Decided November 20, 1916.

Under the laws of Colorado here applicable, as construed by her highest court, a suit by a claimant of a water right in one water district to contest a water priority defined by a general adjudication in another, is barred if not brought within four years from the rendition of the decree.

A state law, which provides for a public adjudication of property rights in a given subject-matter and declares that even persons who are not entitled to be heard in the proceeding shall ultimately be bound, does not violate the Fourteenth Amendment *quoad* such persons if it allows them an adequate opportunity, including a reasonable time, to assert their rights in other judicial proceedings.

A judicial construction of a statute, supportable by frank reasoning, and not subversive of any earlier judicial construction upon which a party might be held to have relied, does not deprive him of due process, though it take him by surprise and come too late for him to act upon it and thus save his rights.

A departure by state decision from a rule of property established by earlier state decisions may not be relied on, without more, as a violation of the Fourteenth Amendment.   *Sauer* v. *New York,* 206 U. S. 536; *Chicago & Alton R. R. Co.* v. *Tranbarger,* 238 U. S. 67.

56 Colorado, 545, affirmed.

THE case is stated in the opinion.

*Mr. Fred R. Wright,* with whom *Mr. Charles D. Hayt, Mr. Clyde C. Dawson,* and *Mr. G. K. Hartenstein* were on the briefs, for plaintiff in error:

The effect of the construction placed upon the Colorado irrigation acts by the court below was to take the plaintiff's property without due process and deprive him of the equal protection of the laws. Plaintiff had a right to take water from a tributary of the South Platte River in Water District No. 23. By the constitution and laws of Colorado such a right is recognized as a right of real property. *Nichols* v. *McIntosh,* 19 Colorado, 22; *Gutheil Park Inv. Co.* v. *Montclair,* 32 Colorado, 420. By a decree of the District Court for Park County, determining the water priorities for Water District No. 23, entered in October, 1889, this right was given a priority as of May 10, 1879. The right of the defendant Irrigation Company to take water from the South Platte lower down was defined by the District Court for Douglas County, by a similar decree for Water District No. 8, in December, 1889, and assigned a priority as of January, 1879. Under the irrigation laws of 1879 and 1881, which governed these adjudications, plaintiff had no right to appear and assert his claim in the proceeding in District No. 8. Jurisdiction there was confined to the adjudication of claims in that particular district. *Irrigation Co.* v. *Downer,* 19 Colorado, 595; *Independent Ditch Co.* v. *Agricultural Ditch Co.,* 22 Colorado, 513. Plaintiff, therefore, was neither actually nor constructively a party to that proceeding, and as to him the decree was *res inter alios.* After an enjoyment, uninterrupted and unchallenged for thirty years, his right is now sought to be destroyed by a decision which would render this old decree conclusive against him. This is not due process of law. *Brown* v. *Denver,* 7 Colorado, 305; *Scott* v. *McNeal,* 154 U. S. 34; *Davidson* v. *New Orleans,* 96 U. S. 107; *Hagar* v. *Reclamation District,* 111 U. S. 701; *Holden* v. *Hardy,* 169 U. S. 366. He has never been al-

lowed an opportunity to contest either the date or the measure of water assigned to the company's priority.

To apply this decree indirectly, by resort to the four year limitation provision contained in §§ 34 and 35 of the law of 1881, would be wholly indefensible. The act shows on its face that the limitation was intended to apply only as between claimants in the same water district. *Irrigation Co.* v. *Downer, supra; Nichols* v. *McIntosh, supra; Crippen* v. *X. Y. Irrigating Ditch Co.*, 32 Colorado, 447; *Broad Run Investment Co.* v. *Deuel and Snyder Improvement Co.*, 47 Colorado, 573. The *Nichols Case* establishes that a claimant in the district of adjudication who is not made a party and served is not bound even after the four years. How, then, could such a decree apply to an outsider who could not have been made a party if he chose? An owner who, like the plaintiff, is in full possession and enjoyment, has no occasion or legal opportunity to bring suit until his right is challenged. *Saint* v. *Guerrerio*, 17 Colorado, 448; *Wheeler* v. *Northern Colorado Irrigation Co.*, 10 Colorado, 587. One who is in actual or constructive possession of property cannot be compelled to take measures against a mere claimant, and a law destroying his right if he fails to do so "is in no sense a limitation law but an unlawful confiscation." *Grosbeck* v. *Seeley*, 13 Michigan, 329. See also Cooley, Constitutional Limitations, 4th ed., p. 455, 7th ed., p. 523; Tiedeman, State & Federal Control of Persons and Property (1900), p. 871; *Farrar* v. *Clark*, 85 Indiana, 449; *Eldridge* v. *Kruhl*, 27 Iowa, 160; *Baker* v. *Kelly*, 11 Minnesota, 358; *Buty* v. *Goldfinch*, 74 Washington, 532; 46 L. R. A. (N. S.), 1065, and footnotes; *Lewis* v. *Soule*, 56 Iowa, 13; 2 N. W. Rep. 401, and footnotes; *Monk* v. *Carbin*, 58 Iowa, 13; *Pinkham* v. *Pinkham*, 60 Nebraska, 600; *Nind* v. *Myers*, 15 N. Dak. 400; *Foster* v. *Clark*, 21 Colo. App. 192; *Dimpfel* v. *Beam*, 41 Colorado, 25; *Clark* v. *Hough*, 49 Colorado, 197.

As construed by the court below in *Fort Lyon Canal*

*Co.* v. *Arkansas Valley Co.*, 39 Colorado, 332, and in the case at bar, this is not a statute of repose, but an unjust attempt to fasten a void judgment upon one who had no notice and could not even have been heard in opposition to it. See *Keyser* v. *Lowell*, 117 Fed. Rep. 400; *East Kingston* v. *Towle*, 48 N. H. 57.

Prior to the *Fort Lyon Company Case, supra*, it had been directly adjudicated in *Nichols* v. *McIntosh, supra*, that neither the two year nor the four year statute applied to anyone but a party to the action. This was a rule of property which could not constitutionally be altered by later decisions to the prejudice of plaintiff's right. *Gelpcke* v. *Dubuque*, 1 Wall. 222.

None of the cases from this court cited by defendant in error is applicable. They are mostly cases of actions *in rem*, where constructive service was upheld, as in the California "burnt-record" case, *American Land Co.* v. *Zeiss*, 219 U. S. 47, or cases dealing with the recording acts, such as *Vance* v. *Vance*, 108 U. S. 514. In all of them notice and an opportunity to act were given, by constructive service, statute, or in some other manner. In no case was a decree, rendered without jurisdiction of person or subject, made effective through a statute of limitations. *Barker* v. *Harvey*, 181 U. S. 481, is similar. It is one of a series of cases holding that the Federal Government, on taking over territory from another power, may by act of Congress require all persons claiming under grants from such power to submit their claims to a court or other body for confirmation. This was said by this court to be a constitutional method of separating public from private lands. Here again was notice and an opportunity to act before the statute attached; and where the question of title is one directly between the sovereign and a private party, the former may well have the right to compel the latter to prove his claim.

Appellant also argued that Colorado Laws of 1887,

pp. 297 *et seq.*, §§ 7–9, as amended in 1903,-Rev. Stats.· 1908, §§ 3349, 3350, which direct that all adjudicated priorities in each irrigation division be tabulated and administered in the order of their dates, without reference to their order in the respective component water districts, would be unconstitutional if construed to apply to his case retroactively.

*Mr. L. F. Twitchell,* with whom *Mr. Fred Farrar,* Attorney General of the State of Colorado, *Mr. Luther M. Goddard* and *Mr. Paul M. Clark* were on the brief, for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a complaint brought by the plaintiff in error to quiet his title to alleged water rights on Tarryall Creek, a tributary of the South Platte River, and to enjoin the defendant Irrigation Company and the state officials from closing the plaintiff's ditch under an assertion of the Irrigation Company's superior right. The defendants justified under a decree establishing the Irrigation Company's priority and a statute making the decree conclusive after four years. The plaintiff replied and argued that the statutes if construed to have the alleged effect took his property without due process of' law contrary to the Fourteenth Amendment. The defendants demurred and the state courts upheld the defence. 56 Colorado, 545.

The case is this: In 1879 the State established water districts, the plaintiff's water rights being in district 23 and the defendant's in district 8 directly below 23 upon the South Platte. Jurisdiction was conferred upon the District Courts for the proper county to adjudicate all questions concerning priority of appropriation and other questions of right between "owners of ditches drawing

water for irrigation purposes from the same stream or its tributaries within the same water district." Laws of 1879, Feb. 19, § 19, p. 99.  Rev. Stats. 1908, § 3276.  The provisions were enlarged by an Act of February 23, 1881, p. 142, but still seemingly confined to controversies between parties in the same district, until they came to the sections of limitation.  By § 34 the act was not to prevent suits within four years, and by § 35 after "four years from the time of rendering a final decree, in any water district, all parties whose interests are thereby affected shall be deemed and held to have acquiesced in the same  . . . and thereafter all persons shall be forever barred from setting up any claim to priority of rights to water for irrigation in such water district adverse or contrary to the effect of such decree."  Laws of 1881, pp. 159, 160. Rev. Stats. 1908, §§ 3313, 3314.  Later statutes were enacted in 1887 and 1903 creating divisions and requiring the Irrigation Division Engineers to tabulate the priorities and rights as established by decree in the different districts of their divisions and to administer the use of water accordingly.  But these statutes are not material.  The parties' rights were held to be fixed under the Act of 1881.

On December 10, 1883, the proper court for the defendant company's district made a decree that the company was entitled to a priority of right to the use of water for irrigation purposes of 1184 cubic feet of water per second from the South Platte and its tributaries, dated January 18, 1879, which was prior to the date of the plaintiff's rights.  It will be observed that the Act of 1881 was in force when this decree was made.  The plaintiff contends that the construction of § 35 of the act, as applying to parties in a different district, this construction having been first announced after the period of limitation had gone by, had the effect of a new statute declaring his rights barred by time already elapsed, and attempted to

make conclusive against him a proceeding to which he was not a party and in which he would not have been heard.

So far as the last objection goes the answer is that if it be true that the plaintiff was not entitled to be heard on the defendant's decree, still there was nothing to hinder the State from providing that if he took no step to assert his rights within a reasonable time after the judicial assertion of an adverse title, the decree being a public fact, he should lose those rights. See *Barker* v. *Harvey*, 181 U. S. 481. *Soper* v. *Lawrence Brothers Company*, 201 U. S. 359, 367, 368. *American Land Co.* v. *Zeiss*, 219 U. S. 47, 60. *Montoya* v. *Gonzales;* 232 U. S. 375, 378. The answer to the first half of the plaintiff's contention is no less plain. It is that the construction of a statute does not take a party's property without due process of law simply because it takes him by surprise and when it is too late for him to act on the construction and save his rights. That is all that the plaintiff has to complain of. There was no different construction of the statute by the court before the limitation had run, that might have lulled him to repose. The only decisions relied upon by the plaintiff as tending to favor him are *Nichols* v. *McIntosh*, 19 Colorado, 22 and *Sterling Irrigation Co.* v. *Downer*, 19 Colorado, 595, which were not rendered until 1893 and 1894, and both of which are consistent with *Fort Lyon Canal Co.* v. *Arkansas Valley Sugar Beet & Irrigated Land Co.*, 39 Colorado, 332, establishing the construction followed in this case. It should be added that however strong the argument for a different interpretation, the one adopted also was strongly supported, so that there can be no pretence that a perverse reading of the law was used as an excuse for giving a retrospective effect to the law of 1903. The decision was absolutely entitled to respect.

It is suggested that the cases cited established a rule of

property and that any departure from it violated the plaintiff's rights under the Fourteenth Amendment. But we already have said that the cases do not establish the rule supposed, and if they did something more would be necessary before the plaintiff could come to this court. *Sauer v. New York*, 206 U. S. 536, 547, 548; *Chicago & Alton R. R. Co.* v. *Tranbarger*, 238 U. S. 67, 76.

*Judgment affirmed.*