## FLOUR CITY ORNAMENTAL IRON CO. v. GENERAL BRONZE CORPORATION.

### No. 3786.

District Court, D. Minnesota, Fourth Division.

Nov. 5, 1937.

Melrin, Brown & Sherman, of Minneapolis, Minn., for the plaintiff.

Francis D. Butler and Edgar G. Vaughan, both of St. Paul, Minn., for defendant.

SULLIVAN, District Judge.

The plaintiff is a Minnesota corporation located at Minneapolis, Minn. The general nature of its business was and is the fabrication of metal work for installation in buildings. The work was fabricated in its Minneapolis plant and then shipped to the location of the building wherein it was to be installed.

The defendant is a New York corporation, and prior to March 28, 1933, maintained and operated the plant which plaintiff now owns, and carried on at Minneapolis, Minn., the same type of business which the plaintiff now carries on.

As appears from the contract involved in this action, and the complaint herein, the defendant on March 27, 1933, had a number of contracts for the fabrication of certain products, and for the erection of these metal products in certain buildings then in the process of construction in various parts of the United States. A portion of the fabrication of such products was to be done by the defendant in its Minneapolis plant, and other of certain work in the fabrication of products on certain contracts had been allocated to other of defendant's plants located without the state of Minnesota.

On March 27, 1933, the defendant corporation sold and assigned certain of its assets, including certain assignments of contracts for the fabrication and installation of certain metal products in the construction of certain buildings, some of which of such buildings were located in the state of Minnesota, and others being located without the state. The defendant in other regards obligated itself to plaintiff— to give the plaintiff purchase orders for the completion of certain sublet jobs, to pay the plaintiff the net amount of the purchase orders less certain deductions, and to pay real estate taxes on certain real property in the state of Minnesota.

As appears from the contract attached to the complaint, defendant, on March 27, 1933, had performed a substantial portion of the work involved in the fabrication and erection of these metal products in various buildings; that a portion of the work had been performed by it in its plant in Minneapolis, Minn. Pursuant to the terms of the contract the plaintiff company agreed to complete the fabrication and installation of the metals in these various buildings referred to in the contract. In other words, the plaintiff, on October 28, 1933, began to operate the defendant's plant in Minneapolis, Minn., which up to March 27, 1933, had been operated by the defendant.

This action is brought for the purpose of recovering from the defendant amounts claimed to be due on account of plaintiff's

performance of the contract dated March 27, 1933.

At the time of the execution of the contract involved in this action the defendant company was licensed to do business in the state of Minnesota. It withdrew from the state of Minnesota pursuant to section 7494, Mason's Minnesota Statutes 1927, early in the year 1934. At the time of its withdrawal it complied with said section 7494 by filing with the secretary of state of the state of Minnesota a power of attorney appointing the secretary of state, or his successor, its agent "for service of legal process and other notices upon it in any action or proceeding of any nature or kind arising out of or involving anything done or omitted by said corporation in the State of Minnesota while licensed to do business therein." This power of attorney was duly filed in the office of the Minnesota Secretary of State.

The summons herein was served upon the defendant by handing to and leaving a true and correct copy thereof with W. N. Brown, chief clerk in charge of the office of the secretary of state of the state of Minnesota.

The defendant has made a motion to quash the service on the theory that chapter 200, Session Laws 1935, effectively repealed said section 7494, and therefore vitiated the power of attorney. The motion of the defendant is supported by an affidavit of one of its officers to the effect that no business was done in the state of Minnesota by the defendant corporation pursuant to the contract attached to the complaint.

The foreign corporation law of Minnesota prior to the 1935 act was contained in three sections of the statute.

Section 7494 provided for the withdrawal of foreign corporations from doing business in the state, and, upon their so doing, filing with the secretary of state a power of attorney duly passed by unanimous vote of the board of directors directing such withdrawal, and irrevocably appointing the secretary of state of Minnesota, and his successors in authority, the agent of said withdrawing corporation, for service of legal process and other notices upon it in any action or proceeding of any nature or kind arising out of or involving anything done or omitted by said foreign corporation in the state while licensed to do business here, and that such appointment of said agent should continue in force as long as any cause of action, right, or claim against said corporation survived in this state, and service upon such agent should be deemed personal service upon the foreign corporation so appointing him.

Section 7493 provided for the appointment by a foreign corporation, before being authorized or permitted to transact any business in this state, of an agent duly authorized to accept service of process in any action to which said corporation is a party.

Section 7495 provided for penalties for failure of a foreign corporation to qualify in the state of Minnesota upon its doing business in said state.

In 1935 the Legislature of Minnesota enacted a new and comprehensive corporation code, commonly known as the Minnesota Foreign Corporation Act (chapter 200, Laws 1935, Minnesota). Section 22 of that act provided that all licenses theretofore granted to foreign corporations doing business in the state should continue to March 1, 1936, and that after that date, if there was no compliance with the new Corporation Act, authority of such corporations would automatically be revoked.

The Minnesota Legislature, in enacting this new Corporation Act, set up certain prerequisites and conditions for the admission and qualifying of a foreign corporation to do business in Minnesota. It enlarged the scope of its regulation of foreign corporations over and above that set out in the old Corporation Act. Sections 7493, 7494, and 7495 are expressly repealed by the new act, but the new legislation made no reference to the powers of attorney theretofore filed by foreign corporations which had withdrawn from the state.

1. The first question which claims attention is the effect the repeal of said section 7494 has upon the power of attorney filed by the defendant corporation.

Upon the defendant corporation withdrawing from its business in the state it, in accordance with section 7494, filed a power of attorney appointing the secretary of state as its agent to accept service.

Powers of attorney given under statutes similar in context to section 7494 have been held to be irrevocable in so far as any ex parte action, directly or indirectly, on the part of the corporation is had. Minnesota courts have stated that it is a substantial right which the corporation cannot upon its own action directly or indirectly destroy, take away, or materially impair

by revoking the authority of the designated agent, and have construed the effect of a power of attorney given under kindred statutes in many instances. See Braunstein v. Fraternal Aid Union, 133 Minn. 8, 157 N. W. 721; Magoffin v. Mutual Reserve Fund Life Ass'n, 87 Minn. 260, 91 N.W. 1115, 94 Am.St.Rep. 699; American Loan & Investment Co. v. Boraas et al., 156 Minn. 431, 195 N.W. 271.

Compliance by the plaintiff with section 7494 was a prerequisite to its being permitted to do business in Minnesota. The statutes then in effect with reference to requirements on the part of foreign corporations to do business in Minnesota were reasonable in their requirements.

The execution of the power of attorney and its filing by the defendant corporation was done pursuant to a then existing and valid statute. The power of attorney has not been revoked by any act of the defendant. It was on the date of the service of process in this case in full force and effect, unless the repeal of section 7494 by the new Corporation Act abrogated and voided it.

In the case of Hanover Fire Ins. Co. v. Dallavo (C.C.A.Mich.) 274 F. 258, an insurance policy was issued at a time when statutes of the state provided that no policy should be declared void for breach of condition if the insurer had not been injured by such breach. The statute was repealed prior to the loss. When suit was brought on the policy for the loss, the insurance company contended that the statute had no application to policies issued before its repeal, but the court held that the statute became a part of the contract, and that the repeal of the statute did not affect the rights of the plaintiff nor the construction of the contract. And so in the case at bar, the repeal of section 7494 did not in any respect vitiate the power of attorney theretofore filed appointing the secretary of state the agent of the defendant corporation to accept service. The statute became a part of the power of attorney filed in accordance with it.

■ 2. The next question which confronts us is as to whether or not the Minnesota secretary of state designated in the power of attorney filed by the defendant corporation upon its withdrawal from doing business in the state of Minnesota is such an agent of the defendant corporation upon whom service of process can be made.

The officers and agents of a corporation constitute all that is visible of its existence; and they may be authorized to act for it in one capacity or another, either in the state of its domicile or elsewhere. The secretary of state of Minnesota is an agent of the defendant corporation with limited and explicit powers, namely, "for service of legal process and other notices upon it (the corporation) in any action or proceeding of any kind or nature arising out of or involving anything done or omitted by said corporation in the State of Minnesota." The secretary of state, to the extent of the agency granted to him and his successor, is the duly authorized agent of the defendant corporation for the purpose of receiving service of process. See St. Clair v. Cox, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222.

Section 9231, Mason's 1927 Minnesota Statutes, subdivision 4, provides that if a foreign corporation shall have appointed a resident agent authorized to accept service of process, and shall have caused such appointment to be filed of record as authorized by law, delivery of a copy of the summons to such agent shall be deemed service of the process upon such corporation.

Chapter 200, 1935 Laws Minnesota, section 13(d) reads as follows: "Nothing herein contained shall limit or affect the right to serve any process upon a foreign corporation in any other manner now or hereafter permitted by law."

Section 9231 does not in words require a corporation to be doing business in the state in order to be subject to valid service of process, but the decisions of the highest courts of Minnesota have placed that construction upon it in order that the requirements of due process of law be effected, where service upon a foreign corporation is made under subdivision 3 of said section. Wold v. J. B. Colt Co., 102 Minn. 386, 114 N.W. 243; Nienhauser et al. v. Robertson Paper Co., 146 Minn. 244, 178 N.W. 504; Kendall v. Orange Judd Co., 118 Minn. 1, 136 N.W. 291.

■ The rule is well established that, in order for service of process on a foreign corporation to be valid in the absence of consent, the corporation must be doing business in the state in which service is made. St. Clair v. Cox, 106 U.S. 350, 1 S. Ct. 354, 27 L.Ed. 222; Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710.

■ A foreign corporation, not within the purview of any state statute, may voluntarily submit to the jurisdiction of the courts of the state. Banks v. Pennsylvania Ry. Co., 111 Minn. 48, 126 N.W. 410.

In the case of Pennsylvania Fire Insurance Company of Philadelphia v. Gold Issue Mining & Milling Company, 243 U.S. 93, on page 95, 37 S.Ct. 344, 345, 61 L.Ed. 610, Mr. Justice Holmes, in delivering the opinion of the court, states: "The defendant had executed a power of attorney that made service on the superintendent the equivalent of personal service. If by a corporate vote it had accepted service in this specific case, there would be no doubt of the jurisdiction of the state court over a transitory action of contract. If it had appointed an agent authorized in terms to receive service in such cases, there would be equally little doubt. New York, Lake Erie & Western R. R. Co. v. Estill, 147 U.S. 591, 13 S.Ct. 444, 37 L.Ed. 292. It did appoint an agent in language that rationally might be held to go to that length. The language has been held to go to that length, and the construction did not deprive the defendant of due process of law even if it took the defendant by surprise, which we have no warrant to assert. O'Neil v. Northern Colorado Irrigation Co., 242 U.S. 20, 26, 37 S.Ct. 7, 61 L.Ed. 123."

In the case at bar we have a secretary of state appointed by resolution of the board of directors of the defendant corporation as its agent for the purpose of receiving service of process in a certain class of cases. Service made upon the secretary of state in suits of the specified class is service upon the corporation.

■ 3. It appears from the complaint that the entire controversy between the parties to this suit arises out of and involves acts in connection with the business which the defendant had been conducting in Minneapolis, Minn., prior to and on the 27th day of March, 1933, the date upon which the contract upon which the suit is based was entered into, and it is evident from the examination of the complaint and contract that this controversy arises out of and involves the business which the defendant was doing in Minnesota prior to March, 1933.

The service of the summons upon the defendant corporation was valid, and the motion of the defendant is accordingly denied.

This memorandum is made a part of the foregoing order.