Owen H. PATTERSON, Ida L. Patterson, Clinton L. Fisher, Julian J. Bailey, and Doris J. Bailey, Plaintiffs,

v.

James Russell HARDIN, Elizabeth C. Hardin, Ruth Hardin, The Board of Commissioners of the County of Marion, Robert R. Hamilton, Lester R. Durham and Arthur Grayson, as Members of the Board of Commissioners of the County of Marion, Marion County Plan Commission, R. Ray Fisher, as Building Commissioner, and as Clerk of the Improvement Location Department of the Marion County Plan Commission, The Kroger Company, Cleveland, Cincinnati, Chicago and St. Louis Railway Company (also known as the New York Central Railway), George N. Craig, as Governor of the State of Indiana, Edwin K. Steers, as Attorney General of the State of Indiana, Frederick Landis, as Chief Justice of the Supreme Court of Indiana, and Jack N. Cockran, as Sheriff of the Supreme Court of the State of Indiana, and as Enforcement Officer of said Court, Defendants.

No. IP 56-C-228.

United States District Court
S. D. Indiana, Indianapolis Division.

Oct. 1, 1956.

300

Kothe & Shotwell, by Grier M. Shotwell, Indianapolis, Ind., for plaintiffs.

Herbert M. Spencer, Yockey & Yockey, by Eugene H. Yockey, French M. Elrod, Robert S. Smith, Ross, McCord, Ice &

Miller, by R. Stanley Lawton, Baker & Daniels, by Jos. J. Daniels, Indianapolis, Ind., Edwin K. Steers, Atty. Gen. of Ind., by George Jeffrey, Deputy Atty. Gen., for defendants.

HOLDER, District Judge.

The issues are presented by the defendants objecting to the convening of a three judge district court under Title 28 U.S.C.A. § 2284 by the district judge to whom the plaintiffs amended complaint has been presented, and requesting the district judge dismiss plaintiffs amended complaint for the failure to state a substantial federal question and for the failure to allege any other ground of federal jurisdiction therein.

It will be assumed in the absence of a specific motion that the prayer of plaintiffs amended complaint is procedurally correct to invoke the three judge district court pursuant to Title 28 U.S.C.A. §§ 2281 and 2284.

The jurisdiction of a three judge district court having been challenged by defendants only the plaintiffs amended complaint determines whether the extraordinary procedure of convening a three judge district court will be invoked. Levering and Garrigues Co. v. Morrin, 1933, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Oklahoma Gas and Electric Company v. Oklahoma Packing Company, 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318, 1321.

It is the duty of the district judge to make this determination. Ex parte Joseph Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152, 153.

The accepted precedent of many decisions is that 28 U.S.C.A. § 2281 does not apply unless there is a substantial claim of the unconstitutionality of Chapter 174 of the Acts of the Indiana General Assembly for the year 1947 hereinafter referred to as the Enabling Act. California Water Service Co. v. City of Redding, 1937, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; J. B. Schermerhorn, Inc. v. Holloman, 10 Cir., 1934, 74 F.2d 265; Ex parte Collins, 1928, 277 U.S. 565, 566, 48 S.Ct. 585, 72 L.Ed. 990. Substantial federal question in the case of Ex parte Joseph Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 4, 78 L.Ed. 152, 153 was explained and defined as follows:

"The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'"

It is necessary then to scrutinize the amended complaint to ascertain whether a substantial federal question is presented as otherwise the provisions for the convening of a district court of three judges is not applicable.

Considerable part of the amended complaint is devoted to disagreeing with the "holdings" of the Supreme Court of Indiana in two original actions for writs of prohibition entitled State ex rel. Marion County Plan Commission v. Superior Court of Marion County, Ind.Sup., 135 N.E.2d 516; and State ex rel. Hardin v. Superior Court of Marion County, Ind.Sup., 135 N.E.2d 517. This disagreement for illustration consisted of the following excerpts among others from the amended complaint:

"* * * ignored each of the points presented it * * *";

"* * * held only that under Section 53-755, Burns, Judicial Review, on appeals through certiorari procedure from decisions of the defendant Marion County Plan Commission, was limited to the Circuit Court of Marion County."; "None of the Indiana decisions cited by that Court hold contrary to the legal propositions then, and here, asserted by plaintiffs herein, or show any authority grounded upon the Statutes of the State of Indiana or decisions of the Supreme and Appellate Court of the State of Indiana for holding that plaintiffs herein had a legal remedy by judicial review of

the recommendation by the defendant Plan Commission for the passage of this particular rezoning ordinance.";

"The authorities cited by that Court in support of its holding * * * are not pertinent to the facts of this case.";

" * * * contrary to the express language of the Planning and Zoning Act of 1947 * * * ";

" * * * has impliedly, but without warrant construed the words "recommendation" and "consider and report" to be equivalent to the term "decision.";

" * * * the Supreme Court of Indiana failed to pass upon or decide the issues directly presented to it, * * * ";

"* * * and failed to hold or decide other than inferentially that such a legal remedy existed * * *";

" * * * applied an unwarranted, illegal, unconstitutional and wrongful construction to the appeal provisions of the Planning and Zoning Act of 1947 * * * and transgressed the due process clause of the 14th amendment of the Constitution of the United States * * *."

Whether the Supreme Court of Indiana construed Section 55 of the Enabling Act one way or another was solely a state question, the final decision of which rested with that Court. The due process of law clause in the 14th amendment to the United States Constitution does not take up the Statutes of the several states and make them the test of what it requires; nor does it enable this court to revise the decisions of the Supreme Court of Indiana on questions of state law. Section 55 having been construed this court must accept that conclusion as if written into the Enabling Act at the time of its enactment. Hebert v. State of Louisiana, 1926, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270; Aero Mayflower Transit Co. v. Board of R. R. Commissioners of the State of Montana, 1947,

332 U.S. 495, 68 S.Ct. 167, 92 L.Ed. 99; Winters v. People of State of New York, 1948, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840; Hibben v. Smith, 1903, 191 U.S. 310, 24 S.Ct. 88, 48 L.Ed. 195; Patterson v. State of Colorado, 1907, 205 U.S. 454, 27 S.Ct. 556, 51 L.Ed. 879; American Railway Express Co. v. Kentucky, 1927, 273 U.S. 269, 47 S.Ct. 353, 71 L.Ed. 639; Huddleston v. Dwyer, 1944, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246. And the exclusive power to enact the Enabling Act being in the State of Indiana the exclusive power to construe rests finally in such state. Morehead v. People of the State of New York ex rel. Tipaldo, 1936, 298 U.S. 587, 56 S.Ct. 918, 80 L. Ed. 1347; Jones v. Prairie Oil and Gas Co., 1927, 273 U.S. 195, 47 S.Ct. 338, 71 L.Ed. 602.

■ Plaintiffs request for a three judge district court upon the contention that the Supreme Court of Indiana wrongly decided or misconstrued Section 55 of the Enabling Act is obviously without merit, and previous decisions of the Supreme Court of the United States forecloses the subject and leaves no room for the inference that the question sought to be raised can be the subject of controversy. In this the plaintiffs submit a frivolous assertion of a federal question and this Court has no jurisdiction to convene a three judge district court or submit the case for issue and trial to the regular district court. Quong Ham Wah Co. v. Industrial Accident Commission, 1921, 255 U.S. 445, 41 S.Ct. 373, 65 L. Ed. 723.

■ The amended complaint, however, is not based wholly upon plaintiffs disagreement with and review of the construction placed on Section 55 of the Enabling Act.

The amended complaint also alleges the unconstitutionality of the entire Enabling Act by attacking the effect of the two decisions of the Supreme Court of Indiana and reading them as part of the Enabling Act as illustrated by quotations therefrom:

" * * * The construction by the Supreme Court of Indiana * * *,

as applied to the property rights of plaintiffs * * * by the wrongful holdings * * * of that court * * *, is violative of the Due Process clause of the 14th amendment of the Constitution of the United States in the following:

\* \* \* \* \*

"In that Chapter 174 of the Acts of 1947 of the General Assembly of the State of Indiana, * * * was and is unconstitutional, as construed and applied by the Supreme Court of Indiana in its holdings * * *.

\* \* \* \* \*

"The wrongful denial of due process of law under the 14th amendment to the Constitution of the United States by the holdings * * * of the Supreme Court of Indiana * * * presents a substantial question arising under the 14th amendment * * *.

\* \* \* \* \*

"Wherefore, plaintiffs, * * * pray: (1) That Chapter 174 of the Acts of 1947 of the General Assembly of the State of Indiana, * * *, be held unconstitutional and void as construed and applied by the Supreme Court of Indiana * * *."

Whatever rights plaintiffs claim in the various proceedings including this action flow from the Enabling Act as illustrated by quotes from the amended complaint:

" * * *, being Chapter 174 of the Acts of 1947 of the General Assembly of the State of Indiana, is an enabling act applicable to all * * * counties of the State of Indiana. * * * effective 20th day of August, 1947, and continuously has been, and was, in full force and effect at all times * * *.

"Pursuant to the provisions of said 1947 Act, a Master Plan Permanent Zoning Ordinance was adopted by the defendant the Board of Commissioners of the County of Marion on the 12th day of November, 1948,

and * * * is now in full force and effect * * *. The Master Plan Permanent Zoning Ordinance * * * classified all, * * * land, including * .* * properties owned by the plaintiffs * * * for residential use. * * * the Hardin Tract was classified as an A–2, or agricultural, use district which, according to said ordinance, is the most highly restricted use * * * except for an A–1 classification. * * *.

"Acting in reliance on the security supposedly afforded by the Residential Classification of the tracts immediately adjacent to or surrounding the Hardin Tract; more than five hundred homes have been purchased within these particular areas by plaintiffs and others."

The theory of plaintiffs amended complaint throughout asserting:

"injury to plaintiffs rights in property";

"protection of their property rights"; and

"protection of their personal and property rights."

makes them dependent upon the existence of the Enabling Act as a valid law instead of a void statute. It is fundamental that plaintiffs cannot both attack and stand upon the Enabling Act and in this the plaintiffs also submit a frivolous assertion of a federal question obviously without merit, and with previous decisions of the Supreme Court of the United States foreclosing the subject leaving no room for inference that the question sought to be raised can be the subject of controversy. J. W. Hurley v. Commission of Fisheries of Virginia, 1921, 257 U.S. 223, 42 S.Ct. 83, 66 L. Ed. 206; Eustis v. Bolles, 1893, 150 U.S. 361, 14 S.Ct. 131, 37 L.Ed. 1111; United Fuel Gas Company v. Railroad Commission of Kentucky, 1928, 278 U.S. 300, 49 S.Ct. 150, 73 L.Ed. 390; Wall v. Parrot Silver and Copper Company, 1916, 244 U.S. 407, 37 S.Ct. 609, 61 L. Ed. 1229; Booth Fisheries Company v.

Industrial Commission, 1925, 271 U.S. 208, 46 S.Ct. 491, 70 L.Ed. 908, 909; Electric Company v. Joseph A. Dow, 1896, 166 U.S. 489, 17 S.Ct. 645, 41 L. Ed. 1088, 1089. Therefore this Court has no jurisdiction to convene a three judge District Court or submit the case for issue and trial to the regular District Court.

The amended complaint, however, is not based wholly upon the two grounds of plaintiffs disagreement with the Supreme Court of Indiana's holdings and their request to have the Enabling Act declared entirely unconstitutional.

The amended complaint also alleges the unconstitutionality of Section 55 * of the Enabling Act by attacking the effect of the two decisions of the Supreme Court of Indiana and reading them as part of the Enabling Act as illustrated by quotation therefrom:

" * * * The construction by the Supreme Court of Indiana * * *, as applied to the property rights of the plaintiffs * * * by the wrongful holdings * * * of that Court * * *, is violative of the Due Process clause of the 14th amendment of the Constitution of the United States in the following:

* * * * *

"In that * * * Section 55 of said act (Enabling Act) was and is unconstitutional as construed and applied by the Supreme Court of Indiana in its holdings * * *.

* * * * *

"The wrongful denial of due process of law under the 14th amendment of the Constitution of the United States by the holdings * * * of the Supreme Court of Indiana

* * * presents a substantial question arising under the 14th amendment * * *.

* * * * *

"Wherefore, plaintiffs, * * * pray: (1) That * * * Section 55 of said Act (Enabling Act) * * * be held unconstitutional and void as construed and applied by the Supreme Court of Indiana * * * as affecting the rights of plaintiffs and all other property owners of the State of Indiana who might at anytime be similarly situated."

It is a fundamental principle of law that a statute may be constitutional in one part and unconstitutional in another part, and that if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected. 58 Am.Jur. 949 Zoning, Sec. 15. So the rules of law hereinbefore reviewed forbidding plaintiffs to challenge the entire Enabling Act do not apply to their challenging solely Section 55 thereof which had a severability clause and if stricken down would not conflict with plaintiffs' basic property claims.

The amended complaint consists of 48 pages exclusive of exhibits thereto attached. The particular detailed allegations therein will determine the claim of plaintiffs and the jurisdiction of this court to convene a three judge district court and not general allegations or conclusions therein. Substantial federal questions do not exist merely by alleging conclusions of unconstitutionality of Section 55 of the Enabling Act. Oklahoma Gas and Electric Company v. Oklahoma Packing Company, 1934, 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1321; Lever-

* Section 55 of the Enabling Act is as follows:
"A decision of the commission may be reviewed by certiorari procedure the same as that providing for the appeal of zoning cases from the decision of the board of Zoning appeals. A petition for certiorari shall specify the grounds upon which the petition alleges the illegality of the commission's action. Such petition must be filed in the circuit court of the county in which the land is located within 30 days after the date of such decision. A change of venue from the county in which the property is located shall not be had in any cause arising under the provisions of this section."

ing and Garrigues Co. v. Morrin, 1933, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062.

In elaboration of plaintiffs' claim the court will attempt to summarize the particulars of the amended complaint as follows:

The plaintiffs and defendants, Hardins at all times in question were the owners of valuable real estate which pursuant to a county ordinance (Master Plan), effective November 12, 1948, authorized by the Enabling Act, effective August 20, 1947, classified property for residential and agriculture uses respectively which has been in effect continuously since; acting in reliance on the security supposedly afforded by the use classifications more than five hundred homes have been purchased in the area by plaintiffs and others; prior to November 2, 1955, the Hardins and Kroger filed with Marion County Plan Commission their petition which was on November 17, 1955, amended requesting an amendment to the Master Plan by a rezoning ordinance for fifty-five (55) acres of the Hardin farm from Agriculture to Industrial one (1) use classification, also for the extension of the Railroad classification of the Master Plan to a strip fifty feet (50') in width extending from the trackage of the defendant, Railroad to the tract a distance of three-fifth of a mile; upon rehearing on February 16, 1956, the Plan Commission, after hearing objections and remonstrances from plaintiffs and many others, recommended the proposed ordinance to the Board of Commissioners of Marion County who recorded it in the minutes of their meeting of February 17, 1956; all of the defendants treat the rezoning ordinance as in force since April 16, 1956, or sixty (60) days after the recommendation pursuant to Sections 37 through 40 of the Enabling Act; within thirty (30) days of the recommendation the plaintiffs herein Clinton E. Fisher and Florence E. Fisher and other parties filed petition for a writ of certiorari from said recommendation in the Superior Court of Marion County, Room 5; after thirty (30) days had elapsed since the recommendation all of the plaintiffs herein filed petition in the Superior Court of Marion County, Room 1, asking that equity enjoin the enforcement of the ordinance alleging that existence of property rights and irreparable damage thereto because rezoning ordinance was arbitrary, capricious, unreasonable, illegal and unconstitutional; on May 23, 1956, the Marion County Plan Commission filed two original actions against Superior Court of Marion County, Rooms 1 and 5, respectively, in which actions the Supreme Court of Indiana issued temporary writs of prohibition thereafter the plaintiffs' counsel herein filed briefs Amicus Curiae; on June 29, 1956, the Supreme Court of Indiana by its opinions in Ind.Sup., 135 N.E.2d 516 and Ind.Sup., 135 N.E.2d 517 made permanent the temporary writ of prohibition staying all further proceedings in the Superior Court actions because they had "no jurisdiction of the 'subject matter'" in that the Enabling Act created new rights wholly unknown to the common law and the remedies therein are exclusive. In such case the requirements of the statute as to the court where the remedy is to be had and the time and manner of asserting the rights, are mandatory and jurisdictional. Section 55 of the Enabling Act hereinbefore quoted in a footnote provided for review of decisions of the Marion County Plan Commission in the Marion Circuit Court by petition for certiorari within thirty (30) days after the Plan Commission's recommendation; thereafter rehearing was denied by the Supreme Court of Indiana without opinion. The Supreme Court of Indiana in its opinion asserts that the complaint in equity for injunction in the Superior Court, Room 1, action did not charge the master zoning ordinance was void in its entirety, nor did it attempt to allege any effort by those plaintiffs to seek relief by the provisions of the Enabling Act.

It is apparent from the oral argument and briefs that plaintiffs are relying on the case of Brinkerhoff-Faris Trust and Savings v. Hill, 1930, 281 U.S.

673, 50 S.Ct. 451, 455, 74 L.Ed. 1107 to support the claim of jurisdiction under the three judge district court provisions and a substantial federal question. The Supreme Court of the United States held in the Brinkerhoff case that there was a violation of due process and allowed proceedings in equity where the taxpayer relied upon long standing precedent of the Supreme Court of Missouri which later overruled such precedent in formal decision and provided a remedy but on the date of the overruling opinion taxpayer's time had already elapsed to utilize such remedy. These facts are in no way essentially comparable with those in the Brinkerhoff case as amended complaint admits that prior to the Supreme Court of Indiana's decisions there had never been any construction by it or any other court of Section 55 that would mislead plaintiffs herein not to pursue the remedy prescribed by it. Mr. Justice Brandeis was careful to point out in a footnote of his opinion in the Brinkerhoff case the following:

"Had there been no previous construction of a statute by the highest court, the plaintiff would, of course, have had to assume the risk that the ultimate interpretation by the highest court might differ from its own."

Uncertainty in the law and mistakes of parties in construing the law are frequent. It was the duty of the plaintiffs to construe Section 55 of the Enabling Act correctly and timely pursue their remedy in the right court. They must bear the blame for not using the proper procedural remedy provided by Section 55 of the Enabling Act and the situation created by such laches does not state a claim to which the 14th amendment to the Constitution of the United States is applicable. American Surety v. Baldwin, 1932, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231; O'Neil v. Northern Colorado Irrigation Co., 1916, 242 U.S. 20, 37 S. Ct. 7, 61 L.Ed. 123; Brinkerhoff-Faris Trust and Savings Co. v. Hill, 1930, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107; Tidal Oil Co. v. Flanagan, 1924, 263 U.S.

444, 44 S.Ct. 197, 68 L.Ed. 382; and in Winters v. People of the State of New York, 1948, 333 U.S. 507, 68 S.Ct. 665, 670, 92 L.Ed. 840 the court said: "We assume that the defendant, at the time he acted, was charged with knowledge of the scope of subsequent interpretation. * * * "

█ It clearly appears from the amended complaint that plaintiffs had a legal remedy in Section 55 of the Enabling Act which plaintiffs did not pursue and therefore the plaintiffs cannot now complain in equity or in law of a denial of due process under the 14th amendment to the Constitution of the United States. No affirmative facts are contained in the amended complaint which would authorize equitable relief. First Nat. Bank of Greeley v. Board of Com'rs of Weld County, Colorado, 1924, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784; Euclid v. Ambler Realty Co., 1926, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (also holding Zoning Ordinances as such in general do not violate due process).

Nowhere in the amended complaint or in any of the proceedings in the various courts do plaintiffs assert affirmative facts sufficient to state a claim in equity or in law other than mere conclusions that could not have been raised within thirty (30) days of the Marion County Plan Commission recommendation and within Section 55 of the Enabling Act. The Supreme Court of Indiana in its decisions herein referred to under the facts and claims of the amended complaint herein did not violate the Constitution of the United States.

In this, the plaintiffs also submit a frivolous assertion of a federal question obviously without merit, and with previous decisions of the Supreme Court of the United States foreclosing the subject leaving no room for inference that the question sought to be raised can be the subject of controversy.

The amended complaint does not claim any basis for jurisdiction in this court except that the holdings of the Supreme Court of Indiana, the entire Enabling Act and Section 55 of the Enabling Act

deprived them of property without due process of law in violation of the 14th amendment to the Constitution of the United States. These claims having been rejected in this opinion it follows that the court has no jurisdiction to convene a three judge District Court and is without jurisdiction to hear and determine the case. The objection of all the defendants to the convening of a three judge District Court is sustained. The Motion of the defendants, Hardins, Board of Commissioners of the County of Marion, Robert R. Hamilton, Lester R. Durham, and Arthur Grayson, as members of the Board of Commissioners of the County of Marion, Marion County Plan Commission, The Kroger Company, and Cleveland, Cincinnati, Chicago and St. Louis Railway Company (also known as the New York Central Railway), to dismiss plaintiffs' amended complaint for failure to state a substantial federal question and for failure to allege any other ground of federal jurisdiction is sustained. There will be judgment for costs against the plaintiffs.