Robert P. BURRUSS et al.

v.

Woodrow W. WILKERSON, Superintendent of Public Instruction, et al.

Civ. A. No. 68-C-13-H.

United States District Court
W. D. Virginia,
Harrisonburg Division.

Nov. 16, 1968.

Erwin S. Solomon, Hot Springs, Va., for plaintiffs.

Robert Y. Button, Atty. Gen. of Virginia, Richmond, Va., for defendants.

## OPINION

DALTON, Chief Judge.

The plaintiffs, school-aged children and residents of Bath County, Virginia, have invoked the jurisdiction of this court under the provisions of 28 U.S.C. § 1343(3) and 42 U.S.C. §§ 1983, 1988, seeking a declaratory judgment to the effect that the Virginia Basic State School Aid Fund Act, under which state funds are apportioned to local school districts, is unconstitutional under the equal protection clause of the Fourteenth Amendment and Section 129 of the Virginia Constitution. The gist of their argument is that the apportionment formula works to the disadvantage of the

relatively poor rural counties, and thereby denies the plaintiffs an educational opportunity comparable to that enjoyed by residents of most other Virginia school districts. Plaintiffs also request that this court enjoin the defendants from the further execution of their duties under the Act.

The defendants have filed a motion to dismiss the action for the reasons that the complaint fails to state a claim upon which relief can be granted, that this court lacks jurisdiction of the subject matter and of the parties, and that the relief requested in the complaint may only be granted by a three-judge court under the provisions of 28 U.S.C. § 2281 and § 2284.

■ This court is of the opinion that the Eleventh Amendment does not prevent a federal court from entertaining suits against state officials to enjoin them from invading constitutional rights. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Griffin v. County School Board, 377 U.S. 218, 228, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964). 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964). Relief might be obtained for the plaintiffs by means of an injunction without requiring the state to take any affirmative action. James v. Almond, 170 F. Supp. 331, 341 (E.D.Va.1959); see Reynolds v. Sims, 377 U.S. 533, 586–587, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

■ Federal courts clearly have jurisdiction of the subject matter of this complaint under 28 U.S.C. § 1343(3) and the Civil Rights Act, 42 U.S.C. § 1983. See Baker v. Carr, 369 U.S. 186, 198–201, 82 S.Ct. 691, 7 L.Ed.2d 663, (1962).

■ Where the relief requested by the complaint may only be granted by a three-judge court under 28 U.S.C. §§ 2281, 2284, the fact that the plaintiffs did not request such a court does not justify dismissing the complaint. This court, and not the plaintiffs, has the duty of determining the need for a three-judge court, and of requesting that it be convened. Bell v. Waterfront Commission, 279 F.2d 853 (2nd Cir. 1960).

■ If the complaint presents a substantial constitutional question, this court cannot dismiss it, but must request the Chief Judge of the Court of Appeals to convene a three-judge court. Aaron v. Cooper, 261 F.2d 97 (8th Cir. 1958). The duty of initially determining whether a substantial federal question is presented lies with this court. Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Jacobs v. Tawes, 250 F.2d 611 (4th Cir. 1957).

■■ Ex Parte Poresky, supra, restated the test of whether a substantial constitutional question exists, to wit, the question is insubstantial if it is "obviously without merit" or if the question is foreclosed by previous decisions of the Supreme Court. 290 U.S. at 32, 54 S.Ct. 3. In applying this test, we look no further than the well-pleaded facts alleged in the complaint. Mosher v. Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148 (1932).

Viewing legal precedents in a light most favorable to the complainants, we find no Supreme Court decisions which foreclose the question here presented. On the contrary, we find several decisions which lend substance to the complaint, and the relevant legal principles may be summarized as follows.

■ The right to an equal educational opportunity was clearly recognized in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954). While racial discrimination is not an issue in this proceeding, at least one recent interpretation of this right to an equal educational opportunity suggests that the right protects individuals not only from discrimination on the basis of race, but also on the basis of poverty. Hobson v. Hanson, 269 F.Supp. 401, 497 (D.C.D.C.1967). Poverty does appear to be a factor contributing to the conditions which give rise to the plaintiffs' complaint. It is clear beyond question that discrimination based on poverty is no more permissible than racial discrimination, and that the discrimination on the

part of state officials need not be intentional to be condemned under the equal protection clause. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955) (free appellate transcripts for indigents); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (free appellate counsel for indigents); Harper v. Virginia State Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966) (Virginia poll tax invalidated). The rationale of those decisions appears to be that state policies imposing conditions on the exercise of basic rights, which conditions operate harshly upon the poor, must be clearly justified in order to be constitutionally permissible. Whether the plaintiffs can establish facts which would bring their plight within the ambit of the *Griffin-Douglas-Harper* reasoning would appear to be a question for determination by a three-judge court.

We recognize that the complaint raises questions about whether a federal court should abstain from deciding the federal questions involved in order to permit the state courts to pass judgment on the questions of state law. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). However, this exercise of equitable discretion is likewise committed to the determination of a three-judge court. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

Since we are unable to say with certainty that the constitutional issues presented are wholly without merit, the defendants' motion to dismiss is overruled, and this court being of the opinion that a three-judge court as prescribed in 28 U.S.C. § 2284 should be convened to consider this action, it is ordered that such procedure be adopted, and this court will forthwith request Chief Judge Clement F. Haynsworth, Jr., of the Court of Appeals for the Fourth Circuit to convene such a court.