462 P.2d 418

Joan Ann HAGUE, Plaintiff and Respondent,

v.

STATE of Utah, DEPARTMENT OF PUBLIC SAFETY, FINANCIAL RESPONSIBILITY DIVISION, Defendant and Appellant.

No. 11494.

Supreme Court of Utah.

Dec. 5, 1969.

1. Solomon v. Solomon, 5 Ariz.App. 352, 427 P.2d 156, 158 (1967) ; also see Del

Castillo v. Harbour, 8 Ariz.App. 233, 445 P.2d 181, 183 (1968).

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, G. Blaine Davis, Asst. Attys. Gen., Salt Lake City, for defendant-appellant.

David D. Dolowitz, Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice.

The plaintiff was involved in an automobile collision and she did not at that time carry public liability insurance. Thereafter, the Department of Public Safety of the State of Utah, hereinafter referred to as the department, issued an order to take effect on January 14, 1969, suspending the driver's license of the plaintiff unless she filed a security in the sum of $225 with the department or furnished a public liability insurance policy in that amount. The plaintiff, being unable to furnish security or to obtain insurance, filed this action in the district court seeking a review of the department's action. After a hearing the court overruled the decision of the department and enjoined it from enforcing its order of suspension. From the adverse judgment, the defendant has appealed to this court.

On September 13, 1968, the plaintiff was operating her father's automobile in a westerly direction on 9th South Street in Salt Lake City, Utah. As the plaintiff approached the intersection of 3rd East Street, an automobile which was proceeding in the same direction at a distance of more than 200 feet suddenly stopped and signaled preparatory to making a left turn. The plaintiff attempted to slow her automobile, but the brakes failed and she then attempted to turn to her right to avoid a collision but was unable to do so. The driver and passengers of the other automobile were Swiss nationals who soon thereafter left Utah. There were no injuries resulting from the collision but the automobile with which the plaintiff collided sustained damage in excess of $100. After the collision, it was discovered that a mechanic who had re-

paired the brakes on the automobile which the plaintiff was operating had failed to properly install the brake shoes.

The court found that incident was an unavoidable accident. It is conceded by the department that the facts do not indicate that the plaintiff was negligent in the operation of the automobile.

 It is the department's contention here that the trial court exceeded its jurisdiction in making a determination of fault on the part of the plaintiff at the time of the collision. Section 41–12–2(b) provides that any person aggrieved by an order or an act of the department may file a petition in the district court for a review thereof.

The problem confronting this court is an interpretation of Section 41–12–5(a) U.C.A. (1953), which reads as follows:

If twenty days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death, or damage to the property of any one person in excess of $100, the commission does not have on file evidence satisfactory to it that the person who would otherwise be required to file security under subsection (b) of this section has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident, the commission shall determine the amount of security which shall be sufficient in its judgment to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each operator or owner. The commission shall determine the amount of security deposit upon the basis of the reports or other evidence submitted to it but shall not require a deposit of security for the benefit of any person when evidence has not been submitted by such person or on his behalf as to the extent of his injuries or the damage to his property within fifty (50) days following the date of accident.[1]

 The defendant here contends that the statute does not give the department the right to make a final adjudication of non-liability and that the powers of the district court in reviewing an order of the department can not exceed the jurisdiction granted to the department. We are of the opinion that the legislature did not intend to limit the department to the making of a mechanical or ministerial determination that a motor vehicle accident had occurred which resulted in bodily injury or death, or damage to property of any one

1. The provisions of the section are a part of a Uniform Law pertaining to safety responsibility. The Uniform Act has been adopted by a number of states.

person in excess of $100, and thereafter making an arithmetical determination of the amount of security a driver must supply or in the alternative to lose his operator's permit and his automobile registration. The following language of the statute "that the commission [department] shall determine the amount of security which shall be sufficient in its judgment to satisfy any judgment or judgments or damages resulting from such accident as may be recovered against each operator or owner" does confer upon the department the duty of using its discretion in fixing the amount of security to be supplied by a driver. In exercising a discretion as to the amount of security, the department may properly make an appraisal of fault or culpability. In the case before us, it would seem that the department might well have considered the lack of culpability on the part of the plaintiff and upon that basis made a determination that no security would be required and that the plaintiff's operators license not be suspended. We do not wish to imply that the department has a duty to make judgments based upon conflicting evidence and to deal with such legal problems as contributory negligence, the application of the last clear chance doctrine and other intricate legal problems which can best be dealt with by the courts. We believe the department should consider all of the facts presented to it by way of accident reports, the reports of investigating officers and other evidence submitted to it and where that evidence would indicate that there is a lack of culpability on the part of the driver or drivers, the department should not under those conditions suspend the operator's license or the automobile registration of the person or persons involved.[2]

We are of the opinion that the legislature intended when it gave the person aggrieved the right to petition the court for a review of the actions of the department, it intended more than a mere examination of the departments orders but that as in other reviews of the actions of administrative bodies, the courts can and should determine whether the administrative body exceeded this jurisdiction, or acted capriciously.

The decision of the district court and the order issued by it is affirmed. No costs awarded.

CALLISTER, HENRIOD and EL-LETT, JJ., concur.

CROCKETT, Chief Justice (concurring).

I concur in affirming the judgment but add this comment: It seems to me that the majority opinion may well be interpreted,

2. Orr v. Superior Court, Cal., 77 Cal.Rptr. 816, 454 P.2d 712; Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136; 35 A.L.R.2d 1011.

at least by implication, as leaning toward making a judicial procedure out of the determination to be made by the Department of Public Safety (Sec. 41–2–5, U.C.A.1953). It is my opinion that the duty imposed upon the Department by the statutory mandate to "determine the amount of security * * sufficient in its judgment to satisfy any judgment" is intended to be administrative rather than judicial. It is of course essential that some judgment and common sense be used in determining what "amount of security" would be sufficient to satisfy any judgment. (See discussion of quasi-judicial function of administrative agencies in 1 Adm. Law Treatise, Davis, p. 67.) If on the basis of the reports, it would be plain to any one using common sense that there is no possibility whatever of any judgment, then it would be a useless gesture, and a capricious and arbitrary imposition upon a citizen, to require a bond. If this is done, it can be rectified by resort to the court as has been done here under the standard rule of administrative review which corrects such arbitrary actions. (See Kent v. Industrial Comm., 89 Utah 381, 57 P.2d 724.)

In order to provide a guide in such matters, and to protect the Department from becoming involved in adversarial disputes as to the merits of such claims, and thus involved in judicial proceedings, I think it should be made as definite as possible that the Department is authorized and obliged to require security, except only where from the reports made it appears so clearly as to be without substantial question that there could in no event be any liability.