ERVIN, Justice.
Appellants brought suit against Appellees in the Circuit Court of Dade County alleging they had been unconstitutionally deprived of their rights in connection with the suspension of their driving credentials under the Florida Financial Responsibility Law. (Ch. 324, F.S.)
Appellants Conley, Timmons and Eld-ridge represent a class whose motor vehicle driving and registration licenses have been suspended for failing to post security to protect other victims of accidents in which they were involved or in the alternative to obtain releases from them, and failing to obtain liability insurance. Appellants Conley and Eldridge were charged with motor violations which contributed to the cause of the accident; however, those charges were dropped. Appellant Timmons was not so charged. Appellant Young represents a class whose members have been released from the security release requirements of the Law, however whose motor vehicle driving and registration privileges were suspended for failure to comply with the insurance requirements of the statute. Young, like Timmons, was not charged with contributing to the cause of the accident.
*685 The trial judge granted Appellees’ motion for summary judgment after finding no genuine issue of material fact and concluding that the Appellants’ contentions were controlled by the decision of the Supreme Court of Florida in Williams v. Newton, Fla.1970, 236 So.2d 98. The Appellants are appealing this order.
In light of the recent decision of the Supreme Court of the United States in Bell v. Burson, 400 U.S. 963, 91 S.Ct. 1586, 28 L.Ed.2d 321 (U. S. May 24, 1971), we find the summary judgment must be reversed. Florida’s financial responsibility law, like Georgia’s consideration in Bell, provides for the suspension of driving licenses even if the licensee is in no way liable for the accident. (F.S. § 324.051(2) (a), F.S.A.) Our decision in Williams v. Newton, supra, is modified to conform to the rationale of Bell. The Supreme Court of the United States, in point of significance to the instant case, in Bell stated:
“We hold, then, that under Georgia’s present statutory scheme, before the State may deprive petitioner of his driver’s license and vehicle registration it must provide a forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident. We deem it inappropriate in this case to do more than lay down this requirement. The alternative methods of compliance are several. Georgia may decide merely to include consideration of the question at the administrative hearing now provided, or it may elect to postpone such a consideration to the de novo judicial proceedings' in the Superior Court. Georgia may decide to withhold suspension until adjudication of an action for damages brought by the injured party. Indeed, Georgia may elect to abandon its present scheme completely and pursue one of the various alternatives in force in other States. Finally, Georgia may reject all of the above and devise an entirely new regulatory scheme. The area of choice is wide: we hold only that the failure of the present Georgia scheme to afford the petitioner a prior hearing on liability of the nature we have defined denied him procedural due process in violation of the Fourteenth Amendment.”
Under this holding, Florida, too, must provide such a forum. Presumably, it may choose any of the alternatives suggested in Bell. Perhaps it can change its rules to provide the due process requirements of Bell or utilize the applicable provisions of the Administrative Procedure Act, Chapter 120, F.S., or corrective legislation may be obtained.
We take note of the enactment of Conference Committee Substitute for H.B. 1821 at the 1971 Regular Session of the Florida Legislature, the “no-fault insurance” legislation which becomes effective July 1, 1971, except Sections 1 to 11 thereof which become effective January 1, 1972. It is not directly applicable to the instant litigation, but would appear applicable in the future. It is noted that Bell states:
“If the statute barred the issuance of licenses to all motorists who did not carry liability insurance or who did not post security, the statute would not, under our cases, violate the Fourteenth Amendment. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Continental Baking Co. v. Woodring, 286 U.S. 352, 52 S.Ct. 595, 76 L.Ed. 1155 (1932); Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). * * ”
This case is remanded to the Circuit Court of Dade County for further proceedings consistent with this opinion.
It is so ordered.
ROBERTS, C. J., and CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.
ADKINS, J., concurs in result.