485 P.2d 1404

Lynda M. JENNINGS, Plaintiff
and Appellant,

v.

Jack C. MAHONEY, Director, Financial Responsibility Division, Department of Public Safety, State of Utah, Defendant and Respondent.

No. 12171.

Supreme Court of Utah.

June 14, 1971.

David S. Dolowitz, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley and Davis S. Young, Asst. Attys. Gen., Salt Lake City, for defendant-respondent.

CALLISTER, Chief Justice:

Plaintiff appeals from an order of the district court, wherein the order of the Department of Public Safety requiring plaintiff to show financial responsibility or suffer suspension of her operator's license was affirmed.

Plaintiff was involved in an automobile collision. The accident was investigated by a police officer, who submitted an accident report to the Department of Public Safety. The operators of both vehicles also submitted accident reports. Plaintiff did not have any automobile liability insurance in effect at the time of the accident, and damage to the other vehicle exceeded $100.

Based on the foregoing reports, the Director of the Financial Responsibility Division determined that there was a reasonable possibility that plaintiff was the culpable party in the accident and must therefore show her financial responsibility in the sum of $241 or have her license suspended. Plaintiff was duly notified by mail of the alternative available to show financial responsibility.

Plaintiff filed a petition of review in the district court, and the court granted a stay of the suspension order pending final determination of the review. The matter was heard on the law and motion calendar, although plaintiff demanded a trial setting and moved for a continuance on the ground that her subpoena for the investigating police officer had been issued so late that evidently service had not been obtained. Plaintiff and Jack C. Mahoney, Director of the Financial Responsibility Division, testified briefly. The trial court ruled that its review would be limited to the accident reports and any other evidence submitted to the department. The trial court concluded that defendant had not abused its discretion in its determination that plaintiff was probably the culpable party based on the reports and records submitted to it, and that the administrative procedure involved was not a denial of procedural due process.

On appeal, plaintiff asserts that she was not accorded a hearing which comported with the requirements of procedural due process as guaranteed by Section 7, Article I, Constitution of Utah, and the Fourteenth Amendment of the Constitution of the United States. There are two facets to plaintiff's argument. First, she should have been accorded a hearing prior to the order of suspension of her operator's license. Second, she urges that the review in the district court should not be confined to the written records and other evidence submitted to the department, but that she should have been granted a trial de novo wherein she would have had an opportunity to present evidence and confront and cross-examine witnesses against her.

In regard to plaintiff's first point, the trial court, in fact, stayed the order of sus-

pension until she was accorded a hearing; so she cannot urge reversal of the judgment of the trial court on this ground.[1]

Plaintiff further asserts that in the review before the district court, she was entitled to a trial de novo.

Section 41–12–2(b), U.C.A.1953, provides:

> Any person aggrieved by an order or act of the commission, may, within ten days after notice thereof, file a petition in the district court for a review thereof, * * * The court shall *summarily hear* the petition and may make any appropriate order or decree. [Emphasis added.]

■ In Hague v. State,[2] this court expressed a belief that the department should consider all of the facts presented in the accident reports and any other evidence submitted, and where that evidence indicated that there was a lack of culpability on the part of the driver, the department should not suspend the operator's license or automobile registration of the person involved. This court concluded:

> We are of the opinion that the legislature intended when it gave the person

aggrieved the right to petition the court for a review of the actions of the department, it intended more than a mere examination of the department's orders but that as in other reviews of the actions of administrative bodies, the courts can and should determine whether the administrative body exceeded this jurisdiction, or acted capriciously.

■ It should be emphasized that the procedure provided under the Financial Responsibility Act is to determine whether security is required to assure financial responsibility and not to determine ultimate liability. Section 41–12–12, U.C.A.1953, prohibits any of the reports, findings or the fact that security was filed under the act to be referred to in any way or to be evidence of the negligence or due care of either party at the trial of any action or law to recover damages.

In Orr v. Superior Court,[3] the court noted that the department should not encounter any difficulty in determining from the accident reports and other evidence submitted whether there was a reasonable possibility that a judgment might be recovered

---

1. See Bell v. Burson, Supreme Court of the United States, 91 S.Ct. 1586 (May 24, 1971), wherein the court stated that before the State may deprive a person of his driver's license and vehicle registration, it must provide a forum for the determination of the question whether there was a reasonable possibility of judgment being rendered against him as a result of the accident. However, the

court deemed it inappropriate to decree the manner in which the State must fulfill this requirement.

2. 23 Utah 2d 299, 302, 462 P.2d 418, 420 (1969).

3. 71 Cal.2d 233, 77 Cal.Rptr. 816, 821, 454 P.2d 712, 716–717 (1969).

against the involved driver, based on his possible culpability. The court stated:

> The department need not decide as between conflicting versions of the accident whether the driver was in fact at fault; if there is any credible evidence on the basis of which he could reasonably be considered culpable, such evidence, which could be believed by the trier of fact in a lawsuit, will suffice to support a determination that it is reasonably possible that a judgment may be recovered against the driver. Neither is the department called upon to make sophisticated judgments upon any claims of contributory negligence or of last clear chance etc. which may arise; such claims commonly turn in the first instance upon determination of disputed facts, and as stated such determinations are not the responsibility of the department. * * *

With respect to court review of a department order suspending a license, the driver alleging nonculpability is entitled to a review of the evidence submitted to the department so that the court can determine whether it supports the implied finding that there is a reasonable possibility that a judgment for damages will be rendered against the driver (and owner). [Citations.] The issue is not that indicated by the trial court in this case: whether the driver was actually without fault in the accident. Instead, *the issue is only whether the evidence before the department supports its implied finding of the reasonable possibility of a judgment.* Accordingly, *it is appropriate to limit the scope of court review to a review of the department's action, rather than an unlimited new trial on the issue of fault.* [Emphasis added.]

▪ In the instant action the trial court did not err by refusing to litigate the ultimate question of fault and by confining its determination to a review of the administrative action based on the reports and other evidence submitted.[4] The judgment of the trial court is affirmed. No costs awarded.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

4. See Bell v. Burson, note 1, supra, wherein the court stated:
   " * * * Clearly, however, the inquiry into fault or liability requisite to afford the licensee due process need not take the form of a full adjudication of the question of liability. That adjudication can only be made in litigation between the parties involved in the accident. Since the only purpose of the provisions before us is to obtain security from which to pay any judgments against the licensee resulting from the accident, we hold that procedural due process will be satisfied by an inquiry limited to the determination whether there is a reasonable possibility of judgments in the amounts claimed being rendered against the licensee."