Albert W. MacBETH, Plaintiff,

v.

STATE OF UTAH, Defendant.

No. C 194–71.

United States District Court,
D. Utah, C. D.

Oct. 6, 1971.

Pete N. Vlahos, Ogden, Utah, for plaintiff.

Vernon B. Romney, Atty. Gen., State of Utah, Salt Lake City, Utah, for defendant.

## MEMORANDUM AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

ANDERSON, District Judge.

This is an action seeking an interlocutory and permanent injunction to prevent the State of Utah or its Department of Motor Vehicles from suspending plaintiff's driver's license pursuant to the provisions of the State Financial Responsibility Act. Utah Code Annotated §§ 41–12–1 et seq. (1970). Defendant filed a motion to dismiss. The request for an interlocutory injunction and the motion to dismiss came on for hearing together. Evidence was taken on the request for interlocutory injunction and the matter was argued to the court.

Plaintiff alleged in his complaint, and defendant admitted, that on June 13, 1971, plaintiff was involved in an auto accident. The State of Utah, by and through its Department of Public Safety, Financial Responsibility Division, suspended the driving privilege of plaintiff effective September 1, 1971, not only for failure to show he had automobile insurance in effect, but because he did not establish any exemption from the security requirements of §§ 41–12–1 et seq. Utah Code Anno. (1970). In essence, the order of suspension advised him he had to provide security as indicated in the order of suspension, (Exhibit A) or to establish his right to an exemption in one of the ways set out on the reverse side of the order or the suspension would be effective.

Plaintiff contends that the possession of a driver's license is a material and essential property right and that suspension of the same was done without opportunity for a hearing on the question of his possible liability and that such action constitutes a denial of due process of law under the Fourteenth Amendment to the United States Constitution.

Plaintiff cites the case of Bell v. Bursom, 402 U.S. 535, 91 S.Ct. 1586, 29 L. Ed.2d 90 (1971) as controlling and asserts that its holding precludes the State of Utah from suspending his driver's license under its financial responsibility law without providing a hearing on liability which meets due process requirements. He also alleges that suspension of his driving privilege would cause him immediate irreparable damage and, therefore, a temporary restraining order should issue to prevent such suspension.

Plaintiff's evidence fails to show that the injury caused by the

State's action in this case is certain to cause irreparable damage, a fact necessary before an injunction can issue. Flood v. Kuhn, 309 F.Supp. 793 (S.D.N.Y.1970); Quon v. Stans, 309 F.Supp. 604 (N.D.Cal.1970). Plaintiff's evidence as to irreparable injury shows that suspension of his driving privilege will cause him great inconvenience, but fails to adequately show a present and existing danger of irreparable injury. Inconvenience in and of itself is not a showing of irreparable harm. Blaich v. National Football League, 212 F.Supp. 319, 323 (S.D.N.Y.1962). The fact that irreparable injury may possibly ensue from the suspension of his license is also insufficient.

Standard Brands, Inc. v. Zumpe, 264 F.Supp. 254, 267 (E.D.La.1967). An injunction, being an extraordinary writ, requires, under federal rules of practice, an adequate showing of clear and imminent danger of irreparable harm. Watkins v. Rupert, 224 F.2d 47 (2d Cir. 1955); Porto Rico Tel. Co. v. Puerto Rico Communications Authority, 189 F. 2d 39 (1st cir. 1951) cert. den. 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628. Plaintiff has completely failed to make such a showing and, therefore, the motion for a preliminary injunction cannot be granted.

The real issue presented by defendant's motion to dismiss is whether or not there is, in this case, a substantial federal question which would invoke the jurisdiction of this court. Plaintiff has argued that since his complaint seeks to declare the Utah statute unconstitutional, a three-judge court should be called. If a substantial constitutional question is presented, a three-judge court must be called pursuant to 28 U.S.C. §§ 2281, 2284 (1965). However, "[t]he threshold determination of whether or not a substantial constitutional question is involved is the responsibility of the District Judge before whom the action is pending." Herald Co. v. Harper, 293 F.Supp. 1101, 1103 (E.D.Mo.1968). See Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Burruss v. Wilkerson, 301 F. Supp. 1237 (W.D.Va.1968); Burhoe v. Byrne, 289 F.Supp. 408 (D.Mass.1968). And the district judge is precluded from calling a three-judge panel to hear the case unless he determines a substantial question exists. Sarisohn v. Appellate Division, Second Dept., Supreme Court of New York, 265 F.Supp. 455 (E.D.N.Y.1967); Gate Film Club v. Pesce, 236 F.Supp. 828 (S.D.N.Y.1964). Such is the case even when the complaint pleads a constitutional question since mere form of pleading is not sufficient to present a substantial constitutional question. It must appear that an actual problem exists. cf. Moss v. Hornig, 314 F.2d 89 (2d cir. 1963).

In the present case, plaintiff's complaint alleges that the suspension of his driver's license denies him procedural due process in that he was not given a hearing relating to the likelihood of his being at fault, and that such failure violates the due process standards enunciated in *Bell*. The evidence presented at the hearing, however, showed that the suspension notice sent to plaintiff by the State Financial Responsibility Department contained a clause informing the recipient that he could appeal the Commission's order to the State District Court within ten days. There was also an enclosure which informed the recipient of his right to apply for a hearing before the agency.[1] Plaintiff does not

---

1. Plaintiff's Exhibit A was an enclosure which was allegedly sent to plaintiff and provides as follows:

NOTICE

In addition to the exemptions listed on the reverse side of your suspension order: "Any time prior to the effective date of your suspension a hearing as to liability will be granted upon your request."

DEPARTMENT OF PUBLIC SAFETY
FINANCIAL RESPONSIBILITY DIVISION

recall having seen the enclosure, but acknowledges that he had notice of the ten-day appeal provisions. He stated that the notice was, in turn, transmitted to his attorney, but no appeal was filed in the state court to contest the departmental order of suspension.

In *Bell*, the Supreme Court states that a driver's license, once issued, can only be suspended if the requirements of procedural due process are met. (402 U.S. at 539, 91 S.Ct. 1586). As to the type of procedure necessary to satisfy the due process requirements under a State Financial Responsibility Act, the court stated:

> We hold that procedural due process will be satisfied by an inquiry limited to the determination whether there is a reasonable possibility of judgment in the amounts claimed being rendered against the licensee. *Id.* at 540, 91 S. Ct. at 1590.

 Such a hearing need not be in the form of a full-blown adjudication of liability. It would thus appear that the requirements of procedural due process laid down in *Bell* would be met if the state statutory scheme provides for some type of meaningful administrative or judicial proceeding. To provide such, the aggrieved party should be able to appear and present evidence for the purpose of assisting in the making of a decision whether there is the probability of his being liable for damages resulting from the accident in question. If so, then he may be required to post a bond or lose his license. The fault in the Georgia proceedings, as indicated by the Court in *Bell*, was that the Georgia appeals court held that under the Georgia statute fault was irrelevant to the statutory scheme and, therefore, no evidence of fault or freedom therefrom could be considered in a determination of whether or not bond should be posted or a driver's license suspended. The United States Supreme Court held that under such circumstances there was a denial of proce-

dural due process, under Georgia law, in the suspension of Bell's license.

In the case of Hague v. State, 23 Utah 2d 299, 462 P.2d 418 (1969) an action was brought to review an order suspending plaintiff's driver's license unless she filed security in a certain sum with the department or furnished a public liability insurance policy in the same amount. Judge Hanson enjoined enforcement of the order and the defendant department appealed. The Utah Supreme Court said: "We believe the department should consider all of the facts presented to it by way of accident reports, the reports of investigating officers, *and other evidence submitted to it.*" *Id.* at 420 (emphasis added). The court also indicated in the above case that the department should not require a deposit or suspend a license where there were indications of a driver's lack of culpability. The Utah court has thus taken a stand opposite that complained of in *Bell*. The court expressly ruled that at a hearing relative to suspension of the driving privilege, evidence as to culpability may be considered. The department is not limited to consideration of accident reports and the reports of investigating officers alone, as in *Bell*, but may also consider *other evidence*. Therefore, on its face, the Utah law appears to satisfy the due process test laid down in *Bell*.

 Plaintiff's evidence at the hearing acknowledges that no attempt was made to secure a hearing as to fault before the Financial Responsibility Division. Neither did he elect to challenge the suspension order in the courts. Section 41–12–2(b) of the Utah Code provides:

> Any person aggrieved by an order of the commission may, within ten days after notice thereof, file a petition in the district court for a review thereof.

Plaintiff had notice of this provision and willfully failed to take action thereon.

By definition, "due process of law" is an opportunity to be heard and defend a substantive right. Brinkerhoff-Faris Trust & Savings Co. v. Hill, 281 U.S. 673, 678, 50 S.Ct. 451, 74 L.Ed. 1107 (1930). It clearly appears that plaintiff had a legal remedy by way of appeal to the district court. There have been no specific allegations made, nor was any evidence presented to this court which would indicate, that had plaintiff applied to such court he would not have received a hearing as to culpability consistent with the due process requirements of *Bell*. Plaintiff cannot ignore the remedies provided to satisfy his grievances in state court, and then seek federal relief on due process grounds. Patterson v. Hardin, 145 F.Supp. 299 (S.D.Ind.1956). As the court in *Patterson* correctly stated:

> Uncertainty in the law and mistakes of parties in construing the law are frequent. It was the duty of plaintiffs to construe * * * [the law] correctly and timely to pursue their remedy in the right court. They must bear the blame for not using the proper procedural remedy * * * and the situation created by such laches does not state a claim to which the 14th amendment to the Constitution of the United States is applicable. *Id.* at 306.

It clearly appears that plaintiff's plight is mainly the result of his failure to pursue the remedies available to him in state court and, absent some showing that the state procedure violates due process to the extent that to follow it would be useless and a waste of time—a fact which was not pleaded and never suggested at the hearing on the motion to dismiss—there is no violation of due process under the Fourteenth Amendment to the United States Constitution. There is, therefore, no basis to plaintiff's claim of a denial of due process, and plaintiff's complaint fails to raise a substantial federal question.

Complaint dismissed.