315 S.E.2d 634

**Darlina Kay OURS**

v.

**WEST VIRGINIA DEPARTMENT OF MOTOR VEHICLES and Virginia L. Roberts, as Commissioner.**

No. 16043.

Supreme Court of Appeals of West Virginia.

April 13, 1984.

Keith H. Gordon, Fairmont, for appellant.

John E. Shank, Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Chief Justice:

This action is before this Court upon appeal pursuant to *W.Va.Code*, 29A–6–1 [1964], of the West Virginia Administrative Procedure Act (hereinafter "APA"),[1] from the final judgment of the Circuit Court of Kanawha County, entered October 27, 1983, in which that court affirmed an order of the appellee, the Commissioner of the West Virginia Department of Motor Vehicles (hereinafter "Commissioner"). After an administrative hearing, the Commissioner, pursuant to the provisions of chapter 17D, article 3 of the West Virginia Code, suspended the operator's license and vehicle registration of the appellant, Darlina Kay Ours, when the Commissioner determined that there was a "reasonable possibility of judgment" against the appellant for her involvement in an automobile accident. This Court has before it the petition for appeal, all matters of record and the briefs and oral argument of counsel.

On August 18, 1982, the appellant was involved in an automobile accident with Paul Eddy in Marion County, West Virginia. According to an accident report prepared by a Fairmont police officer, reports prepared by the persons involved and the testimony of the appellant, the accident occurred at a "T" intersection. The appellant was travelling east on the vertical portion of the "T" toward the intersection and intended to turn left to go to her sister's house which was located approximately 200–300 yards from the intersection. The appellant testified that she came to a stop at the intersection and then slow-

---

1. Under *W.Va.Code*, 17D–3–15 [1972], a "judgment of the circuit court shall be final unless reversed on appeal to the supreme court of appeals, in accordance with the provisions of section one, article six, chapter twenty-nine-A of this Code...."

*W.Va.Code*, 29A–6–1 [1964], of the APA, provides, in part, that "[a]ny party adversely affected by the final judgment of the circuit court under this chapter may seek review thereof by appeal to the supreme court of appeals of this State...."

ly proceeded into the horizontal portion of the "T". She stated that bushes and various other structures obstructed her view to the left and the movement into the intersection was necessary to observe vehicles coming from that direction. She testified that she heard a car coming from the left and that "he was coming out there fairly fast." She then stopped her car in such a position that approximately two feet of her car was protruding into the intersection. The two cars collided causing over $250 property damage to the car driven by Eddy. It is uncontested by the parties that on the day of the accident the appellant did not have automobile insurance.

In October, 1982, the Commissioner sent the appellant a proposed order of suspension informing her that her operator's license and vehicle registration would be suspended if she failed to perform one of various options calculated to insure her financial responsibility for the accident.[2] The appellant was also informed of her right to an administrative hearing which she requested in lieu of the above options. During the administrative hearing only the appellant and her sister testified. Eleven exhibits were accepted into evidence by the hearing examiner including accident reports prepared by a police officer, Eddy and the appellant. At the hearing, the appellant objected to the admission into evidence of the accident reports of the police officer and Eddy on the basis of being hearsay.

An order was subsequently entered by the Commissioner suspending the operator's license and vehicle registration of the appellant. In her findings of fact, the Commissioner overruled the appellant's objections to the evidentiary use of the reports and noted that the appellant had been cited by a Fairmont police officer, who had arrived at the scene after the accident, for not having the right of way at the intersection. The Commissioner concluded that there was "a reasonable possibility that a civil judgment could be rendered against Darlina K. Ours as a direct result of her involvement in the accident."

The appellant appealed the Commissioner's order to the Circuit Court of Kanawha County pursuant to *W.Va.Code*, 29A–5–4 [1964], of the APA,[3] contending that the Commissioner had erred when the hearsay accident reports of the police officer and Eddy were admitted into evidence and relied upon. The circuit court affirmed the order.

The principal issue presented to us is the extent to which the Commissioner may consider reports prepared by a police officer investigating an automobile accident and reports prepared by persons involved in such accident when the Commissioner determines, after a suspension hearing conducted pursuant to *W.Va.Code*, 17D–3–15 [1972], that there is a "reasonable possibility of judgment" against a driver or owner of a vehicle involved in the accident and

2. The proposed order of suspension, dated October 27, 1982, informed the appellant that her operator's license and vehicle registration would be suspended on a certain date unless she performed one of the following options: (1) submit to the Commissioner satisfactory evidence that there was in effect at the time of the accident sufficient automobile liability insurance; (2) submit to the Commissioner a notarized release for damages in excess of $250 from the other party involved; (3) submit to the Commissioner a transcript of a civil action in which the appellant was absolved of financial responsibility for the property damages resulting from the accident; (4) submit to the Commissioner an agreement for payment of damages in installments between the appellant and the other party to the accident; (5) submit to the Commissioner a covenant not to sue executed between the appellant and the other party to the accident; (6) submit to the Commissioner a request in writing

for an administrative hearing; or (7) deposit with the Commissioner actual monetary security for the estimated amount of property damage resulting from the accident.

3. *W.Va.Code*, 17D–3–15 [1972], specifically provides that if after a hearing on a proposed suspension of driving privileges, the party requesting such hearing is aggrieved by the decision of the Commissioner, "such person shall be entitled to judicial review thereof . . ." under the provisions of *W.Va.Code*, 29A–5–4 [1964].

*W.Va.Code*, 29A–5–4 [1964], sets forth the guidelines for obtaining judicial review of an administrative final order or decision and states that such petition for judicial review may be filed in the Circuit Court of Kanawha County or the circuit court of the county wherein the petitioner or petitioners reside.

from whom security has been required under the provisions of chapter 17D, article 3 of the West Virginia Code.[4]

The appellant primarily challenges the procedures employed by the Commissioner under *W.Va.Code*, 17D–3–15 [1972], which section establishes the right of a person from whom security has been required under article 3 to an administrative hearing.[5] *W.Va.Code*, 17D–3–15 [1972], provides that "[t]he scope of such hearing shall be whether there is a reasonable possibility of judgment being rendered against the person requesting the hearing as a result of the accident in question." The same section further provides that "[a]ll of the per-

tinent provisions of article five, chapter twenty-nine-A of this Code shall apply to and govern the hearing and the administrative procedures in connection with and following such hearing with like effect as if the provisions of said article five were set forth in extenso in this section...."

With respect to evidence during these hearings, *W.Va.Code*, 29A–5–2 [1964], of the APA, provides, in relevant part, as follows:

> (a) In contested cases irrelevant, immaterial, or unduly repetitious evidence shall be excluded. The rules of evidence as applied in civil cases in the circuit courts of this State shall be followed.

---

**4.** The appellant initially challenges the constitutionality of the statutory standard by which the Commissioner suspended her operator's license and vehicle registration for failure to establish security following the accident or meet one of the enumerated exceptions. *See W.Va.Code*, 17D–3–1 to 17D–3–15. The questioned standard is found in *W.Va.Code*, 17D–3–15 [1972], which provides that the scope of an administrative hearing upon the proposed suspension of driving privileges for failure to meet the requirements of this article "shall be whether there is a reasonable possibility of judgment being rendered against the person requesting the hearing as a result of the accident in question." *See also W.Va.Code*, 17D–3–2 [1972]. The appellant asserts that this standard is unconstitutionally vague. However, the void for vagueness argument was not raised by the appellant in the petition for judicial review in the circuit court and is not extensively briefed by either party before us.

It should be noted that in *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), the United States Supreme Court determined that this standard was necessary to comport with due process when a state seeks to suspend a person's driving privileges for failure to comply with a statute very similar to the one in question. As the Court stated in *Bell:*

> [T]he inquiry into fault or liability requisite to afford the licensee due process need not take the form of a full adjudication of the question of liability. That adjudication can only be made in litigation between the parties involved in the accident. Since the only purpose of the provisions before us is to obtain security from which to pay any judgments against the licensee resulting from the accident, we hold that procedural due process will be satisfied by an inquiry limited to the determination whether there is a reasonable possibility of judgments in the amounts claimed being rendered against the licensee.

402 U.S. at 540, 91 S.Ct. at 1590, 29 L.Ed.2d at 95; *see also Young v. Williams*, 249 So.2d 684

(Fla.1971); *Cross v. Waguespack*, 308 So.2d 321 (La.App.1975); *Jennings v. Mahoney*, 26 Utah 2d 128, 485 P.2d 1404, *aff'd*, 404 U.S. 25, 92 S.Ct. 180, 30 L.Ed.2d 146 (1971). *See generally* 60 C.J.S. *Motor Vehicles* §§ 129(b) and 164.18 (Cum.Supp.1983).

**5.** At issue in the case before us are the hearing provisions of chapter 17D, article 3 of the West Virginia Code. *W.Va.Code*, 17D–3–15 [1972]. Article 3, part of the Motor Vehicle Safety Responsibility Law as contained in chapter 17D of the West Virginia Code, applies to "the driver and owner of any vehicle of a type subject to registration under the motor vehicle laws of this State ..." which is involved in an accident that has resulted in property damage in excess of $250 or bodily injury or death. *W.Va.Code*, 17D–3–1 [1978]. Prior to the hearing stage, the provisions of this article require the Commissioner, within a certain period of time following the accident, to "determine the amount of security which he deems sufficient to satisfy any judgment or judgments against each owner or driver, for damages which may reasonably result from such accident." *W.Va.Code*, 17D–3–2(a) [1972].

The same subsection further provides that if the "commissioner finds that there exists a reasonable possibility that a judgment may be rendered against any such driver or owner ...," the commissioner shall determine the amount of security necessary to cover such damages "upon the basis of the reports or other evidence relative to such accident transmitted to him." All drivers against whom such a determination is made shall be thereafter required to deposit with the Commissioner sufficient security to cover such damages or meet one of the exceptions enumerated in the article or the "license of each driver" and the "registrations of all vehicles owned by the owner of each motor vehicle" shall be suspended. *W.Va.Code*, 17D–3–3 [1951].

When necessary to ascertain facts not reasonably susceptible of proof under those rules, evidence not admissible thereunder may be admitted, except where precluded by statute, if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs. Agencies shall be bound by the rules of privilege recognized by law. Objections to evidentiary offers shall be noted in the record. Any party to any such hearing may vouch the record as to any excluded testimony or other evidence.

(b) All evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case. Documentary evidence may be received in the form of copies or excerpts or by incorporation by reference.

*See generally* 73A C.J.S. *Public Administrative Law and Procedure* §§ 125–130 (1983).

■■■ Under our rules of evidence, hearsay is inadmissible as evidence unless it meets one of the numerous exceptions to this well-founded rule. *See Hill v. Joseph T. Ryerson & Son, Inc.,* 165 W.Va. 22, 268 S.E.2d 296 (1980); *Salerno v. Manchin,* 158 W.Va. 220, 213 S.E.2d 805 (1974); *Reynolds v. W.T. Grant Co.,* 117 W.Va. 615, 186 S.E. 603 (1936); *Wade v. Haught,* 112 W.Va. 469, 164 S.E. 662 (1932). Hearsay is defined as an extrajudicial assertion, whether it be written, verbal or nonverbal conduct, which is offered for the truth of the matter asserted therein. *See generally* D. Binder, *Hearsay Handbook,* § 1.01 (2d ed. 1983); E. Cleary, *McCormick's Handbook of the Law of Evidence* § 246 (2d ed. 1972); F. Cleckley, *Handbook on Evidence for West Virginia Lawyers* § 48 (Cum. Supp.1983). As a general rule, accident reports are admissible under the official records exception to the hearsay rule if they meet certain criteria calculated to insure their reliability and trustworthiness.

*See generally* Binder, *supra* at § 10.02; Cleckley, *supra* at § 58.

Although *W.Va.Code,* 29A–5–2 [1964], clearly provides that "[t]he rules of evidence as applied in civil cases in the circuit courts of this State shall be followed" in administrative hearings and further provides that "[a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record ...," hearsay accident reports, such as the reports of the Fairmont police officer and Eddy in the case before us, may not be the sole basis of the Commissioner's determination that a "reasonable possibility of judgment" exists against a person from whom security has been required. Under financial responsibility statutes similar to the one in question, it has been held by other courts that such reports, although admissible, may not be the only support for such a determination. *See Carlson v. Kozlowski,* 172 Conn. 263, 374 A.2d 207 (1977); *Spaulding v. Howlett,* 59 Ill.App.3d 249, 375 N.E.2d 437, 16 Ill.Dec. 564 (1978); *see also Rule v. R.I. Department of Transportation,* R.I., 427 A.2d 1305 (1981) (accident reports are not admissible in this type of proceeding). *But see Vance v. Department of Public Safety,* 308 So.2d 325 (La. App.1975); *Cross v. Waguespack,* 308 So.2d 321 (La.App.1975); *Chmela v. The Department of Motor Vehicles,* 88 Wash.2d 385, 561 P.2d 1085 (1977).

■ We, therefore, hold that reports prepared by a police officer investigating an automobile accident and reports prepared by persons involved in such accident may not be the sole evidence upon which the Commissioner of the Department of Motor Vehicles bases a determination, after a suspension hearing conducted pursuant to *W.Va.Code,* 17D–3–15 [1972], that there is a "reasonable possibility of judgment" against a driver or owner of a vehicle involved in the accident and from whom security for that accident has been required under the provisions of chapter 17D, article

3 of the West Virginia Code.[6]

In the case now before us, although testimony was given by two persons, the record indicates that the only basis for the Commissioner's conclusion of a "reasonable possibility of judgment" against the appellant was the information contained in the police report filed by the Fairmont police officer who arrived at the scene of the accident after it had occurred. The Commissioner described the accident specifically referring to the information contained in the police report and further noted that "Darlina K. Ours was cited: Did Not Have Right of Way." No other evidence from the hearing or record was mentioned in this regard.

This Court held in syllabus point 2 of *Shepherdstown Volunteer Fire Department v. State of West Virginia Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983):

> Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.'

Inasmuch as the Commissioner's decision was "made upon unlawful procedures" and, as a result, substantially prejudiced the rights of the appellant, the circuit court erred when it affirmed the suspension of the appellant's operator's license and vehicle registration. This case will be remanded to the Commissioner for further proceedings to determine whether there is sufficient evidence to support its decision to suspend the appellant's operator's license and vehicle registration.

Based upon the foregoing, the final judgment of the Circuit Court of Kanawha County is reversed and the case is hereby remanded to the Commissioner of the Department of Motor Vehicles for further proceedings consistent with this opinion.

Reversed and remanded.

**6.** We specifically note that the standard we adopt in this opinion relates only to a suspension of an operator's license or a vehicle registration after a hearing conducted pursuant to *W.Va.Code*, 17D–3–15 [1972]. *See supra* note 5.